IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN DEGENHARDT**, on behalf of himself and a class, <br> Plaintiff, <br><br> v. <br><br> **GRANT & WEBER, INC.**, <br> Defendant. | Case No: 13 C 2143 <br><br> Judge Ronald A. Guzmán |

## ORDER

For the reasons stated below, the defendant's motion to dismiss [30] is denied. (T:)

## STATEMENT

Defendant, Grant & Weber, Inc. ("GWI") moves to dismiss Brian Degenhardt's complaint alleging, on behalf of himself and a class, various violations of the Fair Debt Collection Practices Act ("FDCPA"). For the reasons stated below, the motion is denied.

**Facts**

The following well-plead facts are accepted as true for purposes of this motion to dismiss. GWI has been attempting to collect a debt from Plaintiff with respect to a family member's emergency room treatment at Resurrection Medical Center in October 2010. (First Amended Complaint ("FAC"), Dkt. # 26, ¶ 8.) On or about May 16, 2012, GWI sent Plaintiff a letter indicating that Plaintiff had a debt with Resurrection and that it had been referred to GWI for collection. (*Id.* ¶ 11.) The May 16 letter states that the amount of the debt is $172.57, the amount of interest is zero and the total amount owed is $172.57. (*Id.* ¶ 14.) On or about June 21, 2012, GWI sent Plaintiff a letter stating as follows, in relevant part:

> Re: RESURRECTION MEDICAL CENTER
> Account: [redacted]
> Our Account No: RHC003-009009183-N74
> Principal:           $     172.57
> Statutory Interest:  $       0.00
> Current Balance:     $     172.57
>
> Dear BRIAN DEGENHARDT:
>
> Enclosed please find a copy of the itemized statement that you requested on the above captioned account. Note that the itemization only covers the principal balance

and not the accruing interest.

If you have any questions regarding this matter, please contact the undersigned.

(*Id.* ¶ 18; Def.'s Mot. Dismiss, Ex., Dkt. # 31-1.)

Plaintiff alleges that the letters violate sections 1692e, 1692f, and 1692g of the FDCPA for failing to disclose the amount of the debt, stating that statutory interest was accruing when the Illinois state law notice regarding the accrual of interest notice had not been provided, making confusing statements regarding the accrual of interest on the debt, and failing to state that the amount of the debt may increase due to interest. Plaintiff brings the action on behalf of himself and a class.

**Standard**

On a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Analysis**

§ 1692f

Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The "collection of any amount (including any interest . . . . ) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" violates § 1692f. 15 U.S.C. § 1692f(1).

GWI contends that because Plaintiff does not allege that it "collected" or "attempted to collect" any amount of the statutory interest, Plaintiff has not stated a claim under § 1692f. As to the June 21 letter, it lists "statutory interest" as zero, but later states that "the itemization only covers the principal balance and not the accruing interest." (Def.'s Mot. Dismiss, Ex., Dkt. # 31-1.) Because the letter states that interest in an unstated amount is accruing, and the FAC alleges that the amount of interest was not expressly authorized by agreement or permitted by law. (FAC, Dkt. # 28, ¶¶ 20, 22, 23), the Court denies GWI's motion to dismiss the § 1692f claim as it relates to the June 21 letter.

The only mention of interest in the May 16 letter is the line item indicating interest as zero. Thus, at first glance, it appears there is no violation of § 1692f. However, as Plaintiff notes, if the June 21 letter, which included an itemization of the amounts he owed, is accurate in stating that some type of interest is accruing, then it can be inferred that interest must also have been accruing as of the date of the May 16 letter, despite the statement that statutory interest was zero. And, as

already noted, the FAC alleges that the amount of interest was not expressly authorized by agreement or permitted by law. Accordingly, drawing all reasonable inferences in Plaintiff's favor, the Court also denies GWI's motion to dismiss the § 1692f claim as it relates to the May 16 letter.

### § 1692g

Section 1692g(a)(1)(5) provides that either in the initial communication with the debtor or within five days after the initial communication, "a debt collector shall . . . send the consumer a written notice containing . . . [, among other things], the amount of the debt." 15 U.S.C. § 1692g. The Seventh Circuit has stated that the FDCPA requires that the collector state the amount of the debt, including any principal, interest and late fees as of the date of the letter. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000) ("What [the defendant] certainly could do was to state the total amount due-interest and other charges as well as principal-on the date the dunning letter was sent. We think the statute required this."). In determining whether this was done properly, the Court "must evaluate the letter to determine whether it causes any 'confusion' or 'misunderstand[ing]' as to the amount due." *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 677 (7th Cir. 2007) (citation omitted).

As to the June 21 letter, while listing the statutory interest as zero, the letter subsequently states that "the itemization only covers the principal balance and not the accruing interest." (Def.'s Mot. Dismiss, Ex., Dkt. # 31-1.) Despite indicating that the statutory amount of interest is zero, the letter then states that the itemization only covers the principal balance (as reflected on the itemization attached to the letter) and not accruing interest. Is the interest that is accruing the statutory interest? Has interest been accruing to date and, if so, what is that amount? If interest will accrue in the future, as of what date will it begin to accrue? At this stage of the litigation, the Court cannot definitively conclude that the letter "state[s] the amount of the debt 'clearly enough that the recipient is likely to understand it.'" *Williams*, 505 F.3d at 677 (citation omitted). Accordingly, the Court denies the motion to dismiss the § 1692g claim as to the June 21 letter.

Again, because of the reasonable inferences that can be made regarding the May 16 letter based on the statements in the June 21 letter, then, for the same reason discussed above, the Court denies the motion to dismiss the § 1692g claim with respect to the May 16 letter.

### § 1692e

Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e. For the same reasons identified in the two sections above, the Court finds that Plaintiff has stated a claim with respect to § 1692e as to both the May 16 and June 21 letters.

**Conclusion**

For these reasons, GWI's motion to dismiss [30] is denied.

**Date**: August 14, 2013

_____
**Ronald A. Guzmán**
**United States District Judge**